## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAS COMPANIES, INC.,

               Plaintiff,

      v.

ONE20, INC.,

            Defendant.

CIVIL ACTION NO.

JURY TRIAL DEMANDED

### COMPLAINT

Plaintiff, DAS Companies, Inc., ("DAS"), through counsel, Rhoads & Sinon LLP, brings this action against Defendant ONE20, Inc. ("ONE20"), and alleges the following:

### STATEMENT OF ACTION

1.     This is a straightforward case involving a single claim for breach of contract. DAS and ONE20 are parties to an Exclusive Distributorship Agreement (the "Agreement") which required ONE20 to repurchase DAS' inventory of ONE20's product, if ONE20 unilaterally terminated the Agreement without cause.  Here, after ONE20 unilaterally terminated the Agreement without cause, DAS sent a written request to ONE20, for ONE20 to repurchase the remaining product inventory in DAS' possession.  To date, ONE20 has not repurchased the remaining product inventory and has effectively breached the express terms of the Agreement.

## THE PARTIES

2.     DAS is a Pennsylvania Corporation with a principal place of business at 724 Lawn Road, Palmyra, Lebanon County, Pennsylvania 17078.

3.     DAS is a leading distributor of travel products and mobile electronics, and the leading distributor of products to travel centers, convenience stores, and other retail customers.

4.     ONE20 is a Minnesota Corporation with its principal office located at 1300 Oakside Circle, Chanhassen, Minnesota 55317.

5.     ONE20 purports to be a vendor, producer, and manufacturer of consumer electronic products, for use by truckers in the trucking industry.

## JURISDICTION AND VENUE

6.     This Court has jurisdiction under 28 U.S.C. § 1332 in that the Parties are citizens of different States and the amount in controversy exceeds $75,000.00.

7.     Venue is proper in this judicial district under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

8.     On or about June 28, 2016, DAS and ONE20 executed the Agreement, pursuant to which ONE20 appointed DAS as ONE20's exclusive distributor of electronic tablets and electronic logging devices, for

a specified term.   A true and correct copy of the executed Agreement is attached to the Complaint as "Exhibit A" and incorporated by reference.

9.     The Agreement and its appendices constituted the entire understanding of the Parties and superseded all prior negotiations, agreements, commitments, and writings of and between the Parties. [Agreement at ¶ 7.10, attached hereto as "Exhibit A"].

10.     The Agreement could only be modified or amended, or changed, by a writing executed by DAS and ONE20.  [Id. at ¶¶ 7.3, 7.10].

11.     The Agreement contained provisions regarding DAS' purchase of ONE20's electronic devices for distribution.  [See id. at ¶ 4.0, et seq.]

12.     The Agreement further guaranteed the sales of the electronic devices to DAS, [see id. at ¶ 4.7.1] and included the following provisions:

> 6.3 Termination without Cause.   Either Party may unilaterally terminate this Agreement at any time with or without cause upon ninety (90) days' written notice to the other Party.
>
> * * *
>
> 6.6 Repurchase upon Termination
>
> a.   In the event that this Agreement is terminated without cause by Vendor [(ONE20)], then Vendor shall, at DAS's request, repurchase DAS's inventory of Vendor Products.  DAS's inventory of Vendor Products shall be saleable and in the original packages and unaltered from their original form and design.  For purposes of clarity, Vendor shall not be required to repurchase

> Products which are not saleable and in the original
> packages and unaltered from their original form and
> design. Repurchased inventory shall be shipped by
> DAS at Vendor's expense, according to Vendor's
> instructions. Vendor shall pay DAS for such
> repurchased Products within forty-five (45) days after
> Vendor receives such Products in one of its facilities.
> Notwithstanding the foregoing, Vendor shall only be
> required to repurchase DAS's inventory as set forth in
> this paragraph in the event that DAS's request is
> received by Vendor within fifteen (15) days of the date
> of termination of the Agreement.

[Id. at ¶¶ 6.3, 6.6]

13.   In accordance with the pertinent provisions of the Agreement, DAS purchased electronic tablets from ONE20.

14.   While the Agreement was in effect, DAS distributed electronic tablets that it purchased from ONE20.

15.   Nonetheless, electronic tablets that DAS purchased from ONE20 remain in DAS' possession; those tablets are saleable, in the original packages, and unaltered from their original form and design.

16.   On or about April 19, 2017, ONE20 sent a signed "Notice of Termination of Exclusive Distributorship Agreement" to DAS. A true and correct copy of ONE20's Notice of Termination is attached to the Complaint as "Exhibit B" and incorporated by reference.

17.   In the Notice of Termination, ONE20 terminated the Agreement "pursuant to Section 6.3," "without cause." [Id.]

18.     Furthermore, "consistent with Section 6.3 of the Agreement," the termination was to be effective 90 days thereafter -- on or about July 20, 2017.  [Id.]

19.     On or about April 25, 2017, ONE20 received DAS' letter, in which DAS acknowledged the termination notice and demanded the repurchase of the electronic tablets that DAS had purchased and still possessed.  A true and correct copy of DAS' Letter to ONE20, with mailing and delivery information, is attached to the Complaint as "Exhibit C" and incorporated by reference.

20.     On or about June 5, 2017, DAS requested a Return Merchandise Authorization ("RMA") from ONE20.

21.     The RMA request was refused by ONE20.

22.     ONE20 also refused DAS' second RMA request and referred DAS to ONE20's counsel for future correspondence about this matter.

23.     On June 27, 2017, DAS sent a letter to ONE20's Counsel, as previously requested by ONE20, again demanding ONE20 to repurchase the electronic tablets that DAS had purchased and still possessed, in accordance with the express terms of the Agreement.  A true and correct copy of DAS' Letter to ONE20's Counsel is attached to the Complaint as "Exhibit D" and incorporated by reference.

24.     To date, ONE20 refuses to honor the express terms of the Agreement and repurchase the electronic tablets that DAS purchased and still possessed.

25.     Indeed, ONE20 has remained suspiciously silent and utterly ignored other, additional attempts by DAS to resolve this matter without the need for court intervention.

## CLAIM

## COUNT I
### (Breach of Contract)

26.     The preceding paragraphs are incorporated by reference as though set forth fully herein.

27.     The Agreement, supported by adequate consideration, constitutes a valid, binding contract between the Parties.

28.     DAS has complied with its obligations under the Agreement.

29.     In accordance with Paragraph 6.6 (a) of the Agreement, DAS sufficiently requested ONE20 to repurchase the electronic tablets that it purchased and still possessed.

30.     ONE20 has not complied with its obligations under the Agreement.

31.     Despite its obligation under Paragraph 6.6(a), triggered by DAS' sufficient request (or notice), ONE20 refuses to repurchase the electronic tablets DAS purchased and still possessed.

32.     ONE20 is in breach of the Agreement and liable for breach of contract.

WHEREFORE, Plaintiff, DAS Companies, Inc., demands judgment in its favor and against Defendant ONE20, Inc., in an amount to be determined at trial, in excess of $75,000.00, together with interest and costs, including reasonable attorneys' fees, and such other relief as the Court deems proper.

RHOADS & SINON LLP


By: /s/Robert J. Tribeck
    Robert J. Tribeck
    Attorney ID No. 74486
    K. Wesley Mishoe
    Attorney ID No. 321983
    One South Market Square, 12th
    Floor
    PO Box 1146
    Harrisburg, PA 17108-1146
    Telephone: (717) 233-5731
    *Attorneys for Plaintiff DAS Companies, Inc.*